NABORS et al. *versus* THE GOVERNOR.

1. Summary proceedings against a tax collector and his securities, for failing to pay over the county tax, should be brought in the name of the Governor, to whom the collector gave bond, or of his successor, for the use of the county.
2. In such proceeding, it is incumbent on the plaintiff to set forth or describe the bond, given by such tax collector and his securities.
3. If the statement be demurred to, the demurrer admits only what is correctly pleaded; and, if its admissions be not relied on, the record should show, that all the material facts were proved.
4. In summary proceedings of this kind, the statute must be strictly pursued; as the ordiary legal intendments do not apply in such cases, in aid of uncertainties.
5. The notice, in proceedings of this kind, should define its object, and show for what purpose judgment is claimed.

A summary proceeding was instituted in the County court of Shelby, against Nabors, as tax collector, and his securities. They were required by the notice, " to appear at court, for failing to pay over the amount of the county and extra tax, belonging to the county of Shelby, for the year 1829." The notice

was served by the sheriff. In the statement which purported to set forth the grounds of the motion, the case is entitled, "A. Smith County Treasurer, *vs.* A. Nabors and others;" and it is averred, that the said defendants are justly indebted to Gabriel Moore, governor of the State of Alabama, for the use of Shelby county, in the sum of four hundred and twenty-six dollars and sixty-nine and three-fourths cents, for so much money received by said Nabors, as collector aforesaid, and which he had refused to pay. To this statement there was a demurrer. The demurrer was overruled, and the defendants failing to plead, judgment was rendered for the amount claimed in the statement.

Before the proceedings were had on demurrer, on motion of the defendants, the benefit of a trial by jury, was granted to them; and a motion was made, by the defendants' attorney, to dismiss, for want of proper parties. This motion was overruled by the court.

The errors here relied on for a reversal of the judgment, are—the refusal of the court to dismiss for want of proper parties; the overruling of the demurrer; the uncertainty and insufficiency of the notice, with the illegality of the service; and the rendering of judgment by the court without the intervention of a jury, and without proof of the material facts.

*Moody* and *Stewart*, for plaintiffs. *Peck, contra.*

SAFFOLD, J.—This was a summary proceeding, in the County court of Shelby county, on a notice which issued from A. Smith, Treasurer of the county, by his attorney, *Richard C. Shackelford*, to A. Nabors,

tax collector, and his securities, Cooch and M'Lanahan. It required them to appear at court, "for failing to pay over the amount of the county and extra tax, belonging to the county of Shelby, for the year 1829." The notice was served by the sheriff.

At the term at which the trial was had, Smith, the treasurer, filed a statement, setting forth the grounds of his motion. In this statement, he entitled the case, "A. Smith, County Treasurer *vs.* A. Nabors and others," and declared that said defendants were "justly indebted to Gabriel Moore, Governor of the State of Alabama, for the use of Shelby county, in the sum of four hundred and twenty-six dollars and sixty-nine and three-fourths cents," for so much money received by said Nabors, as collector, as aforesaid, and which he had refused to pay.

To this statement the collector and his securities demurred. On hearing the demurrer, the court overruled it: and, the defendants failing to plead over, judgment was rendered, by the court, against all the defendants, for the sum mentioned.

It is shewn, that, before the proceedings were had on the demurrer, on motion of the defendants, the benefit of a trial by jury was granted to them: also, that *S. W. Mardis*, as *amicus curiæ*, had moved to dismiss the proceedings, for want of proper parties. The original defendants, as plaintiffs in error, now assign, as causes of error—

1. That the court ought to have dismissed the proceedings, for the want of proper parties.

2. That there was error in overruling the demurrer.

3. The notice was uncertain; and insufficient, and not legally served.

4. The judgment was rendered by the court, without the intervention of a jury, and without proof of the material facts.

The first, second and fourth assignments may be considered together. The bond, given by the tax-collector, and his securities, was required, by statute, to have been made payable, to the Governor, for the time being, and his successors in office. From the slight notice taken of it in this record, it is presumed to have been drawn payable accordingly; and the argument assumes such to have been the fact.— No direction has been given by statute, who shall be made the plaintiff, in a proceeding of this kind, for the collection of the revenue : the consequence must be, that the suit, whether in the summary or ordinary form, should be brought in the name of the obligee, or his successor in office, he being the person, in whom is vested the legal interest in the bond.— It was so held by this court, in the case of *Mayberry vs. The State*,[a] where the judgment was reversed, because the proceedings, on a similar bond, were instituted in the name of the State, for the use of Bibb county. The suit is required to be brought in the name of the Governor, for the time being, for the use of the particular county.

It is however insisted in argument, that this suit has been brought in the manner alluded to as correct. It is difficult to say from the record whether the county Treasurer, the *State*, or the *Governor*, was intended to be made plaintiff, or whether the object was to place them all on the record in such attitudes, that the one found the most acceptable might the

[a] 1 Stewart, 266

claimed as such.   The statement which was intend-
ed to declare the grounds of the motion, as has been
shewn, entitles the suit as one between "A. Smith,
county Treasurer, *vs.* A. Nabours," and his securi-
ties, (naming them;) and says, the plaintiff avers that
"said defendants are justly indebted to Gabriel Moore,
Governor," &c.   It would appear that the treasurer
sues for the use of the Governor, and the latter for
the use of the county, or at least that it is uncertain
which is plaintiff.   Reference to the notice affords
no greater certainty.   This is considered a fatal de-
fect, for which the proceedings ought to have been
quashed, on motion, or the statement overruled on
demurrer.

Another fatal defect consists in the failure of the
plaintiff below, to give any description of the bond
of the collector, which alone created any liability on
the securities.   If the statement was relied on for
the establishment of the requisite facts, because, hav-
ing been demurred to, the truth of the averments
were thereby admitted, it was the more important
that every material fact should have been stated.—
On the contrary it is found to contain no notice or
mention of the bond: nothing but a charge of in-
debtedness against said collector, and Gooch and Mc-
Lanahan, as his securities, to a given amount, for so
much money received by the former as collector, &c.
If the admissions of the demurrer, and which can on-
ly extend to matters properly pleaded, were not reli-
ed on for the facts necessary to sustain the judgment,
then, as has been held by this court, in several cases
cited by the counsel, the record should have shown
that the material facts were proven on the trial; and
among other things, that the bond was adduced in

evidence; and that the amount for which judgment was rendered appeared from competent proof to have been due. In summary proceedings, this court, as well as others, has often held, that the authority of the statute must appear to have been strictly pursued; for that the ordinary legal intendments do not apply, in such cases, in aid of uncertainties, or insufficiencies—*Logwood* vs. *Huntsville Bank,*[a] *McWhorter* vs. *Marrs,*[b] *Lyon* vs. *the State Bank.*[c]

[a] Ala Reps, 25
[b] Id. 376.
[c] 1 Stewart, 466

3. With respect to the third assignment, it is sufficient to remark, that the notice to the collector and his securities, appears to have been served by the sheriff of the proper county. Such service is deemed legal and sufficient. Nor was it necessary the notice should shew the amount claimed. But the notice is in other respects indefinite and insufficient; it does not define its object, whether it was to obtain a judgment for the amount of the county tax, or for what other purpose; it only requires the defendant to appear, "for failing to pay over the amount of the county and extra tax." For all which insufficiencies, we unanimously think the judgment and proceedings must be reversed.